Case 2:22-mj-01253   Document 8   Filed on 11/28/22 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
November 29, 2022
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | Case No. 2:22-mj-01253 |
| § | |
| MAURICIO MALDONADO CARDENAS § | |

## MEMORANDUM OPINION AND ORDER OF DETENTION PENDING TRIAL

A detention hearing was held today in accordance with the Bail Reform Act, 18 U.S.C. § 3142(f). The Court finds that detention of defendant Mauricio Maldonado Cardenas pending trial in this case is appropriate: there is no condition or combination of conditions that would reasonably assure both the appearance of Defendant as required and the safety of any other person and the community.

The Bail Reform Act provides that, if the judicial officer determines that a Defendant's release on personal recognizance or an unsecured appearance bond will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, the judicial officer shall order the Defendant's pretrial release subject to certain specified conditions. *See* 18 U.S.C. § 3142(c)(1). If the judicial officer determines, after a hearing, that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer shall order the detention of the person before trial. 18 U.S.C. § 3142(e)(1).

In this case, Defendant is charged with a serious offense under 8 U.S.C. § 1324. The Court finds that detention of Defendant pending trial is appropriate.

The Court adopts the factual information in the Pretrial Services Report, and also considered the information in the criminal complaint. The Court finds that there is enough

evidence to establish probable cause in Defendant's case. In this case, Defendant is charged with knowingly or in reckless disregard of the fact that an alien had come to, entered, or remained in the United States in violation of law, transporting, or moving or attempting to transport or move such alien within the United States by means of transportation or otherwise, in furtherance of such violation of law, under 8 U.S.C. § 1324.

Defendant is a United States citizen and obtained his GED. Defendant denied any history of substance abuse. Defendant also reported that he was employed as a truck driver with M & G Logistics in San Antonio, Texas and worked part-time with Javi Handyman Services, generating substantial monthly cash flow. Defendant's personal information, however, remains unverified.

The Court notes that Defendant has an considerable arrest history – five for misdemeanors and one for two felonies. Foremost in Defendant's criminal history are his two felony convictions in 2014 for aggravated assault with a deadly weapon and for assault on a family member by impeding breath or circulation. For these felony convictions, Defendant was sentenced to ten years' probation. Defendant was still on probation for those violent 2014 crimes when he was found transporting the undocumented aliens in this case. The state probation office in Travis County will be filing a motion to revoke Defendant's probation immediately, thus potentially rendering him unavailable for court proceedings in this case if he is released on a federal bond.

Having considered the factors specified in the Bail Reform Act, and having considered the evidence and testimony, the Court finds that Defendant is charged with a serious criminal offense and that Defendant has a record of failing to adhere to conditions established to keep the community safe. Accordingly, the Court finds that no combination of conditions will adequately assure Defendant's appearance and that there is clear and convincing evidence that there is no

combination of conditions that would adequately assure the safety of others or the community if Defendant were to be released on bond. Thus, the Court declines to grant bond.

Defendant is therefore committed to the custody of the United States Marshal or designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of appearance in connection with a court proceeding.

SIGNED on November 28, 2022.

_____
MITCHEL NEUROCK
United States Magistrate Judge